Robert L. SCOTT, Jr., Appellant
(Plaintiff),

v.

Roger L. SCOTT and Pauline Clark Scott,
Co–Personal Representatives for the Es-
tate of Robert H. Scott, a/k/a Robert
Scott, deceased, Appellees (Defendants).

No. 95–297.

Supreme Court of Wyoming.

June 7, 1996.

Michael E. Warren of Sawyer & Warren, P.C., Torrington, for Appellant.

Rebecca A. Lewis and Diana D. Stithem of Lewis & Associates, P.C., Laramie, for Appellees.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

MACY, Justice.

Appellant Robert Scott, Jr. (the son) appeals from the summary judgment which was entered in favor of Appellees Roger Scott and Pauline Clark Scott, the co-personal representatives for the Estate of Robert H. Scott, a/k/a Robert Scott (the estate).

We affirm.

## ISSUES

The son presents two issues for our review:

1. When there are no assets in an estate, [do] the procedural bars of Wyoming's non-claim statutes apply?

2. Should the Appellant be relieved from the procedural bar of W.S. § 2–7–703(a) because of the peculiar circumstances of this case?

## FACTS

On April 24, 1992, the son was on his father's farm property when he slipped on some water and injured himself. At that time, the father was carrying property and casualty insurance for the farm property. The father died on April 25, 1992.

The son filed a complaint against the estate on September 23, 1993, and an amended complaint on February 22, 1994, alleging that his father had negligently installed a septic tank and waste water system on the farm property and that this negligent installation was the cause of his fall. On December 17, 1993, a petition for letters of administration for the estate was filed, and the letters of administration were filed on December 29, 1993. In accordance with WYO. STAT. § 2–7–201 (1980), a notice of probate was published on January 5, 12, and 19, 1994, which directed creditors that had claims against the decedent to file those claims on or before three months after the date on which the notice was first published and informed the creditors that, if they did not file their claims, the claims would be forever barred. No claims were filed against the estate during the three-month period.

The estate filed a motion for a summary judgment in the action which the son had instituted against the estate. The district court granted the estate's motion, finding that WYO. STAT. § 2–7–703(a) (Supp.1995) barred the son's cause of action and that the son was not entitled to equitable relief under WYO. STAT. § 2–7–703(c)(i) (Supp.1995). The son appeals from that order.

## STANDARD OF REVIEW

 A summary judgment is appropriate when no genuine issue as to any material fact exists and when the prevailing party is entitled to have a judgment as a matter of law. *Roitz v. Kidman*, 913 P.2d 431, 432 (Wyo.1996); W.R.C.P. 56(c). We examine the record from the vantage point most favorable to the party who opposed the motion, and we give that party the benefit of all favorable inferences which may fairly be drawn from the record. *Hiltz v. Robert W. Horn, P.C.*, 910 P.2d 566, 569 (Wyo.1996).

We evaluate the propriety of a summary judgment by employing the same standards and by using the same materials as were employed and used by the lower court. *Id.*

## DISCUSSION

 The son asserts that, when an estate does not have assets, the procedural bars of Wyoming's nonclaim statutes do not apply because the claim, if it were proven, would be paid directly from the insurance proceeds rather than from the estate assets. The estate argues that § 2–7–703(a) required the son to file a claim with the estate in order to proceed with his lawsuit and that, since he did not do so, his claim is forever barred.

The relevant statutes provide in pertinent part:

§ 2–7–703 [ (Supp.1995) ]. **Filing required; failure to do so constitutes bar; exceptions.**

(a) Except as otherwise provided in this section, all claims whether due, not due or contingent, shall be filed in duplicate with the clerk within the time limited in the notice to creditors and any claim not so filed is barred forever. . . .

. . . .

(c) This section shall not bar:

(i) Claimants entitled to equitable relief due to peculiar circumstances, if so found by the court in adversary proceedings; . . .

§ 2–7–706 [ (1980) ]. **Claim based on cause of action surviving decedent's death.**

Where a cause of action against the decedent survives his death under W.S. 1–4–101 and 1–4–102, before an action may be brought thereon in any court, a claim based thereon shall be filed and shall have been rejected by the personal representative. The running of the applicable statute of limitations on the cause of action shall be tolled from the time the claim is filed until five (5) days after the date of mailing of notice of rejection by the personal representative. Any judgment rendered by any court with respect to which compliance with this section has not been accomplished, if sought to be enforced, shall be

deemed to be a claim not timely filed under W.S. 2–7–703.

### § 2–7–712 [ (1980) ]. Allowance and rejection of claims.

(a) When a claim, accompanied by the affidavit required in W.S. 2–7–704, has been filed with the clerk, the personal representative shall allow or reject it and his allowance or rejection shall be in writing and filed with the clerk within thirty (30) days after the expiration of the time for filing claims.

### § 2–7–717 [ (1980) ]. Action precluded until claim rejected; exception.

No holder of any claim against an estate shall maintain any action thereon unless the claim is first rejected in whole or in part by the personal representative and the rejection filed with the clerk. . . .

### § 2–7–718 [ (1980) ]. Action on rejected claim; limitations.

When a claim is rejected and notice given as required, the holder shall bring suit in the proper court against the personal representative within thirty (30) days after the date of mailing the notice, otherwise the claim is forever barred.

Section 2–7–706 particularly applies to the facts of this case. That statute, as well as the other referenced statutes, requires a claimant to file a claim with the estate before proceeding with a lawsuit. None of these statutes contain any exceptions which excuse this procedural requirement.

In its decision letter, the district court aptly outlined the law in Wyoming as it pertains to this issue:

[I]t is a well-known principle of law that courts are not free to legislate. The first rule of statutory construction is that legislative intent, not a court's perception of fairness, controls. It is not the court's prerogative to usurp the power of the legislature by deciding what should have been said. The courts must follow, and cannot extend, statutory definitions. For over a century, courts in Wyoming have recognized that it is their duty only to interpret and declare what the law is, not to be responsible for its defects. And of specific importance to the instant case is the precept that exceptions not made by the legislature in a statute cannot be read into it. (Citations omitted.) We similarly have held the following with regard to the legislature's decision not to enact exceptions to the non-claim statutes:

The question presented here ... is whether the liability for that cost may be satisfied from the assets of the deceased without the State's observing the procedural conditions precedent which have been imposed by the State's own legislature. Had it been the legislative purpose to exempt the State from compliance with those precedent procedures, it might easily have done so. The failure to except the State from the barring provision of the statute makes necessary the plain implication that the lawmaking arm of the State's government did not intend that the State should be relieved of the requirement. . . . If the legislature did not see fit to say the door should be left open indefinitely for the State to come forward with its legitimate claim against the estate, it would be highly improper for this court to read into its statute an exception which the enactment did not see fit to incorporate within it.

*State ex rel. State Board of Charities & Reform v. Bower*, 362 P.2d 814, 822–23 (Wyo. 1961).

■ The son maintains that the peculiar circumstances in this case relieved him of the procedural bar of § 2–7–703(a). He insists that, although the personal representatives admitted that they would not have rejected his claim, they also could not have allowed it. He argues that, if they had allowed the claim, the insurance company would have denied coverage on the grounds that an insured has a duty to cooperate with the insurance company and cannot voluntarily assume any obligation.

Section 2–7–703(c)(i) provides that the nonclaim statute shall not bar claimants that are entitled to equitable relief due to peculiar circumstances. We are in complete agreement with the district court's well reasoned analysis on this issue, and, therefore, we quote from its decision letter:

[T]he primary goal of statutory interpretation is to enforce legislative intent. Under W.S. Sec. 2–7–703(c)(i), the nonclaim statute does not bar "claimants entitled to equitable relief due to peculiar circumstances." The word "equitable" connotes justice and fairness. *The American Heritage Dictionary,* Second College Edition, Houghton Mifflin, Co., 1191, page 463; *Black's Law Dictionary,* Sixth Edition, West Publishing Co., 1990, page 537. "Peculiar" means "unusual, odd, distinct, particular, special." *American Heritage Dictionary,* at 914; *Black's,* at 1130. Neither party has suggested that this statute is ambiguous, and the Court agrees. What it says is that a claimant may be excused for failure to file a claim if the failure to file was caused by circumstances that are out-of-the ordinary, and it is fair to excuse the failure.

What are the facts? The Plaintiff was injured, allegedly by his father. His father died. An estate was opened [as admitted in the Plaintiff's brief] "to provide the Plaintiff with a Defendant to sue." The Plaintiff was sent a Notice of Probate requiring claims to be filed by a certain date.... No claim was filed.

During the period for filing of claims, the decedent's widow was the sole personal representative of the estate. The Plaintiff's brother has since been made a co-personal representative. Each has submitted an affidavit setting forth the above-described dilemma that would have been faced if the claim had been filed. The focus of this alleged dilemma is the cooperation clause of the insurance policy, and the dilemma is that of the Defendant[s], not the Plaintiff.

The Court is not convinced that this is such a peculiar situation that equitable relief is required. These circumstances are common—every day, insureds ask insurers to defend a case, to put a plaintiff to his proof. An insured need not be convinced of eventual legal victory to have an insurer take over the defense of a claim. No ethical or moral or legal duty is breached by contesting a negligence claim. The loser in a civil action is not charged with perjury. And, as correctly pointed out by the Plaintiff, a cooperation clause creates no duty to assist in a sham defense. Telling the truth during the defense of the claim does not violate a cooperation clause [so no dilemma is thereby created]. 44 AmJur2d, *Insurance,* Sec. 1432, pages 380–381. In our legal system, parties routinely deny claims and file answers to test liability or damages. This case is no different. The existence of potential insurance coverage is not a peculiar circumstance; indeed, it may well be the norm.

In this regard, it is also important to note that there is no evidence before the Court that this alleged dilemma actually existed or was contemplated at the time. The affidavits are couched in terms of "would have"—they are speculative.

In any event, § 2–7–706 speaks to exactly this situation. It states that, before a cause of action may be brought against a decedent on a claim which survives his death, a "claim based thereon shall be filed and shall have been rejected by the personal representative." Section 2–7–706. Since the son did not file a claim with the estate, his claim was never rejected by the personal representatives. The son's cause of action is, therefore, barred.

Affirmed.