## In The Matter of The ESTATE OF Laverne J. CAMPBELL, Deceased.

STATE of Wyoming, ex rel., DEPARTMENT OF HEALTH, DIVISION OF HEALTH CARE FINANCING, by and through its Financial Services Director, Appellant (Plaintiff),

v.

Richard E. CAMPBELL, Robert L. Campbell, Ronald M. Campbell, and Robin A. Dickson, in their capacity as Co–Personal Representatives of the Estate of Laverne J. Campbell, deceased; and Richard E. Campbell, Robert L. Campbell, Ronald M. Campbell, and Robin A. Dickson, individually and as beneficiaries and sole distributees of the Estate of Laverne J. Campbell, Appellees (Defendants).

No. 96–201.

Supreme Court of Wyoming.

Dec. 22, 1997.

William U. Hill, Attorney General; Michael L. Hubbard, Deputy Attorney General; N. Denise Burke, Assistant Attorney General; and Catherine M. "Kate" Fox, Special Assistant Attorney General, Cheyenne, for Appellant (Plaintiff).

R. Scott Garland of King & King, Jackson, for Appellees (Defendants).

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

TAYLOR, Chief Justice.

Appellant, the Department of Health, Division of Health Care Financing (HCF), filed a timely claim against the Estate of LaVerne J. Campbell (the Estate) seeking to recover Medicaid benefits paid on behalf of Ms. Campbell between April 1, 1994 and the date of her death, January 11, 1995. The initial claim against the Estate specifically stated that additional claims may be asserted for amounts not yet submitted by health care providers. Three amended claims were filed by HCF and rejected as untimely by the Personal Representatives of the Estate. HCF filed a complaint challenging the denial of its amended claims. The Personal Representatives of the Estate filed a motion to dismiss and HCF countered with a motion for summary judgment. The district court certified two questions to this court pursuant to W.R.A.P. 11.01. We answer both questions in the affirmative.

## I. CERTIFIED QUESTIONS

1. Whether claims by the State Department of Health, Division of Health Care Financing, for reimbursement of Medicaid payments made are subject to the time limitations for filing creditor's claims set forth in the Wyoming Probate Code, Wyo. Stat. § 2–7–703(a)?

2. Whether a "future claim" pursuant to Wyo. Stat. § 2–7–705(a), includes claims such as those at issue in this case, where the existence of the claim is known, but it

has not yet come due and the amount remains to be determined[?]

## II. FACTS

LaVerne J. Campbell was determined eligible for Medicaid benefits when she entered St. John's Hospital Nursing Home on April 1, 1994. She continued receiving those benefits until the time of her death on January 11, 1995. The primary asset in Ms. Campbell's estate was a home in Wilson, Wyoming, which was sold for $210,108.00. The amount of cash available for distribution to heirs was $144,615.74.

A notice of probate of the Estate was published and a copy of the notice was provided to the State on June 12, 1995. HCF filed a claim against the Estate in the amount of $1,142.44 on July 17, 1995, well within the time frame allowed by Wyo. Stat. § 2–7–703(a) (1997). The initial claim also included a "future claim" which stated that "[a]dditional claims for benefits on behalf of LaVerne J. Campbell may be paid upon submission and approval of bills from health care providers." HCF anticipated payment of additional Medicaid benefits in an amount which would become known only after all claims were received from all health care providers.

On August 18, 1995, HCF filed an amended claim against the Estate in the amount of $12,887.98. A second amended claim was filed on September 1, 1995, and reflected a total of $20,431.75 in Medicaid benefits paid on behalf of Ms. Campbell to that date. The Personal Representatives of the Estate filed their Final Report, Accounting and Petition for Distribution on September 7, 1995. The Final Report allowed payment of the initial claim by HCF and rejected the amended claim as untimely. A notice rejecting HCF''s amended claim and second amended claim was sent on September 11, 1995. HCF filed a complaint on October 6, 1995, within the thirty days allowed by Wyo. Stat. § 2–7–718 (1997) in which to bring suit against the Personal Representatives. A third amended claim against the Estate was filed by HCF on January 29, 1996, and an amended complaint was filed on February 2, 1996. This third and final claim reflects a reduction of the total amount of benefits paid on behalf of Ms. Campbell to $19,527.16.

The Personal Representatives of the Estate, who are also the sole beneficiaries of the Estate, filed a motion to dismiss HCF's complaint. HCF filed an opposition to the motion to dismiss and a motion for summary judgment. The district court for the Ninth Judicial District certified two questions to this court.

## III. DISCUSSION

The first question before this court is:

Whether claims by the State Department of Health, Division of Health Care Financing, for reimbursement of Medicaid payments made are subject to the time limitations for filing creditor's claims set forth in the Wyoming Probate Code, Wyo. Stat. § 2–7–703(a)?

Wyo. Stat. § 2–7–703(a) provides, in relevant part:

Except as otherwise provided in this section, all claims whether due, not due or contingent, shall be filed in duplicate with the clerk within the time limited in the notice to creditors and any claim not so filed is barred forever. Any claimant to whom the personal representative has mailed a notice pursuant to W.S. 2–7–205(a)(ii) shall file his claim within three (3) months after the date of first publication of the notice in the newspaper, or before the expiration of thirty (30) days after the mailing, whichever date is later, and any claim not so filed is barred forever.

HCF has a duty pursuant to federal law to take all reasonable measures to identify and seek recovery of payments from any legally liable third party. *See* 42 U.S.C. § 1396(a). To that end, Wyo. Stat. § 42–4–206 (1997) relates to recovery of Medicaid payments from the estate of the recipient or his or her spouse. Wyo. Stat. § 42–4–206(b) specifically states that "[a]ny *statute of limitations* which attempts to limit the department to recover for medical assistance provided pursuant to this chapter shall not apply to any claim made under this section for reimburse-

ment for the medical assistance." (Emphasis added). HCF argues that the time limits stated in Wyo. Stat. § 2–7–703(a) constitute a statute of limitations and are therefore not applicable to the State's efforts to recover Medicaid benefits.

The Personal Representatives of the Estate counter that our decision in *State ex rel. State Bd. of Charities and Reform v. Bower,* 362 P.2d 814 (Wyo.1961) makes Wyo. Stat. § 2–7–703(a) applicable to HCF, because the notice of claim requirement is a condition precedent, not a statute of limitations. We agree with the Personal Representatives of the Estate that Wyo. Stat. § 2–7–703(a) is not a statute of limitations, and that the State is subject to its provisions.

Statutes of limitation place time limits on the filing of a cause of action. Such statutes are a "declar[ation] that no suit shall be maintained on such causes of action * * * unless brought within a specified period of time after the right accrued." Blacks Law Dictionary 927 (6th ed.1990). They create a defense to suit which must be pled and may be waived. *See Bower,* 362 P.2d at 823 (*quoting Donnally v. Montgomery County Welfare Bd.,* 200 Md. 534, 92 A.2d 354, 358 (1952)). Statutes of limitation are applicable only when affirmative relief is sought. *Boller v. Western Law Associates, P.C.,* 828 P.2d 1184, 1187 (Wyo.), *cert. denied,* 506 U.S. 869, 113 S.Ct. 198, 121 L.Ed.2d 140 (1992). With respect to claims against an estate, there is no access to the courts, and thus no affirmative relief is sought, until the claim has been denied by the personal representative. *Taylor v. Estate of Taylor,* 719 P.2d 234, 238 (Wyo.1986). After rejection of the claim, Wyo. Stat. § 2–7–718 allows the claimant thirty days in which to file an action in district court. This thirty-day limitation period constitutes a statute of limitations which may be raised as a defense to an action filed after that deadline. *See Taylor,* 719 P.2d at 238, 239.

Wyo. Stat. § 42–4–206 was enacted subsequent to our decisions in *Bower* and *Taylor.* Thus, the legislature knew of this court's interpretations of Wyo. Stat. §§ 2–7–703(a) and 2–7–718. Had the legislature intended to exclude the State from the require-ments of Wyo. Stat. § 2–7–703(a), it undoubtedly would have drafted Wyo. Stat. § 42–4–206 to specifically include that section's time limitations. *See, e.g.,* Wyo. Stat. § 42–4–202(c) (1997).

Accordingly, we find that HCF is subject to the requirements of Wyo. Stat. § 2–7–703(a), and answer the first certified question in the affirmative.

The second certified question to this court is:

Whether a "future claim" pursuant to Wyo. Stat. § 2–7–705(a), includes claims such as those at issue in this case, where the existence of the claim is known, but it has not yet come due and the amount remains to be determined[?]

Wyo. Stat. § 2–7–705(a) (1997) states:

If a claim which will become due at a future time or a contingent or unliquidated claim becomes due or certain before the distribution of the estate, and the claim has been allowed or established by a proceeding, it is paid in the same manner as presently due and absolute claims of the same class.

HCF's initial claim against the Estate includes what is designated as a "future claim," specifically notifying the Personal Representatives of the Estate that not all bills had been submitted by health care providers, and that additional amounts might be paid on behalf of Ms. Campbell. The Personal Representatives of the Estate cannot, and do not, argue that they were surprised by HCF's filing of additional claims for reimbursement. The Personal Representatives of the Estate's primary argument is that allowing HCF to submit future claims against the Estate will interfere with orderly probate and distribution of assets.

From the plain language of the statute, the legislature clearly intended that future claims, contingent claims, and unliquidated claims be paid by an estate if they become due or certain before distribution of the estate's assets and are allowed or established by a proceeding. HCF's claim is a classic unliquidated claim. At the time it was filed, it was known but was not yet able to be

computed by mathematical calculation. *See ANR Production Co. v. Kerr–McGee Corp.*, 893 P.2d 698, 704 (Wyo.1995). The future claim submitted by HCF has become certain before distribution of the Estate assets, and is now the subject of a proceeding to determine whether it should be allowed or established. This claim is no more burdensome to the orderly distribution of Estate assets than is any unliquidated or contingent future claim in any other estate proceeding.

Accordingly, we find that HCF's claim is a "future claim" pursuant to Wyo. Stat. § 2–7–705(a).

## IV. CONCLUSION

HCF is subject to the requirements of Wyo. Stat. § 2–7–703(a) and must file a notice of claim against the Estate within the time frames dictated by that statute. The claims at issue in this case are "future claims" which were unliquidated at the time the initial notice of claim against the Estate was filed, but which have become certain since that time. They should be handled according to the provisions of Wyo. Stat. § 2–7–705(a).