**Gerald G. "Arky" HARRIS,**
**Appellant (Plaintiff),**

v.

**Burt TAYLOR, as Personal Representative of the Estate of Gaylene Harris, Deceased, Appellee (Defendant).**

No. 98–103.

Supreme Court of Wyoming.

Dec. 9, 1998.

Donald J. Sullivan, Cheyenne, Wyoming, for Appellant.

Monty L. Barnett of White and Steele, P.C., Denver, Colorado, for Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

GOLDEN, Justice.

In this case, we consider whether WYO. R. CIV. P. 60(b) affords any relief for an untimely appeal of an order granting summary judgment, and if so, whether a personal injury creditor's failure to give notice of a claim to the estate's personal representative permits summary judgment against the creditor when the personal representative did not provide actual notice to a known creditor as required by WYO. STAT. § 2–7–205(a) (1997).

We reverse the district court's order of summary judgment and remand for dismissal without prejudice.

## ISSUES

Appellant Gerald G. Harris (Harris) presents these issues for our review:

1. Whether the trial court erred in granting summary judgment against Plaintiff's complaint on the basis of failure to file a notice of creditor's claim, where the estate had neither published a notice to creditors or given individual notice to Plaintiff.

2. Whether the trial court erred in ignoring the dual statutory prerequisites of publication of notice to creditors and individual notice to this known claimant.

Appellee, Personal Representative of the Estate of Gaylene Harris (Personal Representative), presents these issues for our review:

1. Whether this Court has jurisdiction over this matter.

2. Whether appellant's failure to file a claim with his wife's estate and have the claim rejected by the personal representative bars this action.

In his reply brief, Harris responds:

1. May a litigant constitutionally be deprived of his right to present his appeal based solely on the failure of the court to afford him notice of the court's adverse action?

## FACTS

On March 23, 1993, Harris was a passenger in a car driven by his wife, Gaylene Harris. Harris contends that she negligently operated the car causing it to leave the roadway, roll over and injure him. Mrs. Harris died on November 19, 1993, from unrelated causes.

On August 5, 1996, Harris petitioned the district court to appoint an administrator of his wife's estate, stating in the petition that his request was made in order to file a personal injury suit against the estate. Harris requested Burt Taylor be appointed as personal representative of the wife's estate. Taylor was appointed on August 6, 1996, and Harris brought suit on February 14, 1997. On July 31, 1997, the personal representative moved for summary judgment claiming that Harris had not filed a notice of claim as required by WYO. STAT. §§ 2–7–703(a) and 706. After receiving an extension, Harris responded to the motion for summary judgment on October 20, 1997, contending that notice of his claim was not required because the estate's personal representative had not provided him (Harris) notice as required by WYO. STAT. § 2–7–205(a).

The district court granted the personal representative's motion for summary judgment on January 8, 1998. The court did not notify or inform Harris of its decision, and

* Chief Justice at time of expedited conference; retired November 2, 1998.

did not serve him with the order granting summary judgment. On February 27, 1998, well after the time for appeal had expired, Harris inquired of the court about the status of the pending motion and was advised that the order had been filed. The court clerk entered an affidavit that the failure to notify Harris of the summary judgment decision had been accidental and had resulted from a misfiling with the Clerk's office. Harris filed a notice of appeal and filed a motion under Wyo. R. Civ. P. 60(b) asking the same court to extend the time for taking an appeal.

The district court reviewed the facts and the clerk's affidavit and by order extended the time for Harris' filing of the notice of appeal on March 11, 1998. The personal representative filed a motion for relief from the order, and it was denied.

## DISCUSSION

*Standard of Review*

Although this appeal is from an order granting summary judgment, the issues relate to the procedural requirements of the Wyoming Probate Code, and our standard of review for summary judgments is superfluous.

*Jurisdiction*

The personal representative challenges this Court's jurisdiction to hear the case because we have ruled before that Rule 60 does not generally permit an amended notice of appeal where the party has not shown due diligence, or sufficient reason for the lack thereof, or other special circumstances. *Ahearn v. Anderson–Bishop Partnership*, 946 P.2d 417, 423 (Wyo.1997). The personal representative contends that Mr. Harris has not made this requisite showing of due diligence.

*Ahearn* discussed the interworking of the relevant rules of civil and appellate procedure which determine our jurisdiction in the appeal. *Ahearn*, 946 P.2d at 422. Wyo. R. Civ. P. 77(d) requires the clerk to mail a copy in the manner provided in Rule 5 to every party. It also states, however, that lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to

appeal within the time allowed, except as permitted by the Wyoming Rules of Appellate Procedure. Wyo. R.App. P. 2.01(a)(i) authorizes the district court to extend the time for filing a notice of appeal for another fifteen days past the original time prescribed for appeal. *Ahearn*, 946 P.2d at 422. In those cases where Rule 2.01 does not afford relief, we said in *Ahearn* that Rule 60 can extend the time of appeal if the party has shown due diligence, or sufficient reason for the lack thereof, or other special circumstances. *Id.* at 423. We ruled that the factor that the clerk did not mail notice of the entry of the final judgment is insufficient to afford relief under Rule 60. *Id.* We reasoned that Rule 60(b) was not intended as a means of enlarging the time for appeal except in compelling circumstances where justice requires that course. *Id.* (citing *Kennedy v. Kennedy*, 483 P.2d 516, 518 (Wyo. 1971).)

■ Harris points out that if the interworking of the rules is to be considered for extending the time of appeal, then it must be considered that, according to Wyo. R. Civ. P. 6(c)(2), the personal representative's summary judgment motion is deemed denied if not decided within ninety days after the motion is filed. Thus, Harris had no duty to exercise due diligence under *Ahearn* after the expiration of that ninety-day period. We agree with Harris and will extend Rule 60(b) to allow an enlargement of the time for appeal to those special circumstances where summary judgment is entered against a nonmovant after the time has passed when the motion is deemed denied and a court's clerical error fails to notify the nonmovant when an order is issued. Accordingly, we have jurisdiction to hear this appeal.

*Probate Code's Statutes of Limitations and Conditions Precedent*

The personal representative next argues that this action is barred under Wyo. Stat. § 2–7–706 for Harris' failure to file a notice of claim with the personal representative of the estate under the rule of *Scott v. Scott*, 918 P.2d 198 (Wyo.1996). Harris contends that the statutory requirement that the personal representative give notice under Wyo.

STAT. § 2–7–205(a) is a condition precedent to a creditor's obligation to file a notice with the personal representative.

■ The legislature requires the personal representative to publish notice of admission of an estate to probate, WYO. STAT. § 2–7–201(1997), and to mail that notice to heirs, beneficiaries, and creditors, § WYO. STAT. § 2–7–205(a) (1997). Actual notice to a known or reasonably ascertainable creditor is constitutionally required. *Hanesworth v. Johnke*, 783 P.2d 173, 176 (Wyo.1989). In this case, the personal representative knew that Harris intended to file a personal injury suit against his wife's estate; therefore, Harris was a known creditor entitled to actual notice under WYO. STAT. § 2–7–205(a) (1997). When the personal representative has given proper notice, WYO. STAT. § 2–7–706 (1997) requires a creditor to then file a claim against the estate within the time limits set out in WYO. STAT. § 2–7–703(a) (1997). Only when these conditions are met and the claim rejected by the personal representative may suit be filed. *See Matter of Estate of Campbell*, 950 P.2d 557, 560 (Wyo.1997); *Scott*, 918 P.2d at 201.

■ Once notice of the claim is filed with the personal representative and rejected, under the statute of limitations set out in WYO. STAT. § 2–7–718 (1997), the creditor has thirty days to file an action in district court. *Estate of Campbell*, 950 P.2d at 560. A creditor's failure to comply with this statute of limitations is an affirmative defense to an action filed after the deadline. *Id.* We have

held that unless there has been strict compliance with the notice requirements of Wyoming's Probate Code, its statutes of limitation are not triggered. *Matter of Estate of Reed*, 768 P.2d 566, 572 (Wyo.1989). We will extend this rule to say that unless the personal representative has strictly complied with the notice requirements of the code, conditions precedent are not triggered. In this case, the failure of the personal representative to provide actual notice to Harris as a known creditor precludes a finding that Harris had an obligation to file a notice of claim against his wife's estate within the time frames expressed in the code. We hold that, in the absence of a filed claim that has been rejected, Harris' action is procedurally deficient, and it is subject to dismissal. Clearly, however, a claim against the estate is not time-barred.

The order granting summary judgment is reversed, and this case is remanded to the district court with instructions to dismiss Harris' action without prejudice in order for the personal representative to comply in the first instance with the statutory notice requirements.