2011 WY 165

**In the Matter of the ESTATE OF Andrew T. GRAVES, Deceased.**

**Beit Hanina Enterprises, Inc., a California corporation, by and through its Chief Executive Officer, Sharif Silmi, Appellant (Claimant),**

v.

**J. Denny Moffett, as personal representative of the Estate of Andrew T. Graves, Appellee (Respondent).**

**No. S–11–0126.**

Supreme Court of Wyoming.

Dec. 20, 2011.

Representing Appellant: Leonard R. Carlman of Hess Carlman & D'Amours, LLC, Jackson, WY.

Representing Appellee: Clay D. Geittmann of Mullikin, Larson & Swift, LLC, Jackson, WY.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

HILL, Justice.

[¶ 1] Creditor (California corporation "Beit Hanina Enterprises, Inc.," hereinafter referred to as "BHE") challenges a Wyoming probate court's "Order Finding Creditor Time Barred from Challenging Denial of Claim" and argues on appeal that the pro-

bate court erred in refusing to find peculiar circumstances entitling BHE to equitable relief from strict application of the Wyoming Probate Code's 30–day statute of limitations under Wyo. Stat. Ann. § 2–7–718 (LexisNexis 2011). We affirm.

## ISSUE

[¶ 2] BHE presents one issue:

Whether the District Court erred when it declined to provide to [BHE] the equitable relief available at W.S. § 2–7–703(c), which states, "This section [regarding filing claims] shall not bar: (i) Claimants entitled to equitable relief due to *peculiar circumstances,* if so found by the court in adversary proceedings." (Emphasis added.)

## FACTS

[¶ 3] In 2008, the decedent, Andrew T. Graves, as CEO of Wireless Technology Solutions, Inc., purchased a cell phone retail outlet from BHE. As part of the purchase, BHE accepted a promissory note from Wireless Technology Solutions, in the amount of $663,563.00. Graves signed the note as personal guarantor, but he died one day before the first installment payment was due on the note.

[¶ 4] Two closely related legal actions followed—a California civil suit and this Wyoming probate action. On July 22, 2010, BHE filed a breach of contract action in California against Wireless Technology Solutions. BHE anticipated naming Graves' estate as a defendant, so BHE named "Does 1–10" as co-defendants.

[¶ 5] On June 10, 2010, the Wyoming probate court admitted Graves' estate to probate with J. Denny Moffett appointed as the personal representative. On August 25, 2010, "Notice of Probate" was mailed to BHE. On September 1, 8, and 15, 2010, public notice of the probate was published in the *Jackson Hole News & Guide.* Under § 2–7–703(a), BHE had three months after September 1, 2010, to file a claim with the Estate.

[¶ 6] In accordance with the statutory requirements, BHE filed a timely claim with the Estate. On September 21, 2010, the Estate's attorney mailed a "Notice of Rejec-

tion of the Claim." After correcting a procedural flaw in the first claim, on October 4, 2010, BHE filed a second claim with the Estate. The Estate did not issue a separate rejection for the second claim. Under § 2–7–718, a creditor must "bring suit" within 30 days after the date of mailing of the claim rejection notice. If the creditor fails to do so, his claim is, according to the statute, "forever barred." Here, the 30–day period for bringing suit expired on October 21, 2010—30 days after the rejection of the claim.

[¶ 7] Back in California, on October 15, 2010, BHE filed an "Ex Parte Application for Amendment to Complaint and [Proposed] Order." Through that pleading, BHE sought to replace the fictitious name of "Doe 1" with "the Estate of Andrew T. Graves, by and through J. Denny Moffett, Personal Representative." The California court did not sign the proposed order on October 15, 2010. Rather, a clerk of the California court indicated that BHE's pleading did not comply with court rule amendments that had gone into effect on January 1, 2010. The pleading apparently lacked a supporting declaration and the proper fee. On November 12, 2010, the California court held a hearing and entered an "Order Granting Plaintiff's Ex Parte Application to Amend Complaint," which added the Estate as a defendant in the action.

[¶ 8] Returning to the Wyoming probate action, the Estate, on December 30, 2010, filed a "Notice of Claim Dispositions." The Estate persisted in its denial of BHE's claim. The same day, the Estate also filed a "Motion for Hearing on Creditor's Capacity to Challenge Denial of Claim." On February 4, 2011, the probate court held a hearing on that motion, and on April 11, 2011, entered its "Order Finding Creditor Time Barred from Challenging Denial of Claim." First, the court ruled BHE's

attempt to include the Estate in its ongoing lawsuit on October 15, 2010, was in compliance with Wyo. Stat. § 2–7–717, which requires that a claimant not bring *or* pursue a suit to judgment until the claim

has been filed and rejected by the personal representative.

Second, the court ruled BHE had not complied with § 2–7–718, which requires that a claimant must bring suit within 30 days after mailing of the claim rejection notice, and that the Estate "was not added to the ongoing California lawsuit until November 12, 2010— after the filing window had closed." Both of those rulings go unchallenged before this Court.

[¶ 9] In its ruling, the court considered whether BHE should receive equitable relief from strict application of § 2–7–718. The court noted that sections of the Probate Code, as well as this Court's rulings, suggest that equitable relief may be available, and stated as follows:

> In considering the entire circumstances of the case, the Court finds no "peculiar" occurrences or any situation that would warrant equitable relief for [BHE]. It appears that attorneys for [BHE] made procedural errors in amending [BHE's] claim in the California court by not complying with the 2010 rules. These errors—and not an unusual happenstance or some action attributable to the personal representative—led to the potential bar to [BHE's] suit in California. In the absence of some peculiar circumstance or evidence of manipulation on the part of the personal representative in this case, the Court holds attorneys for [BHE] to strict compliance with the Probate Code.

[¶ 10] This appeal followed.

## STANDARD OF REVIEW

[¶ 11] We review this case for an abuse of discretion because rather than looking at statutory construction, this Court is reviewing the appealable order through an equitable lens. An *abuse of discretion* occurs when a court acts in a manner which exceeds the bounds of reason under the circumstances. *Steiger v. Happy Valley Homeowners Ass'n,* 2010 WY 158, ¶ 9, 245 P.3d 269, 273 (Wyo.2010). In determining whether there has been an *abuse of discretion,* the ultimate issue is whether or not the court could reasonably conclude as it did. *Id.*

## DISCUSSION

[¶ 12] BHE argues on appeal that the probate court erred in declining to provide equitable relief due to peculiar circumstances under Wyo. Stat. Ann. § 2–7–703(c) (LexisNexis 2011). BHE concedes that the probate court was correct in ruling that BHE did not bring suit within 30 days of claim denial, as required by § 2–7–718, but BHE argues that the probate court abused its discretion when it found no peculiar circumstances that would warrant relief for BHE. BHE complains that the probate court's focus was too narrow, in that it examined only whether there was some unusual action attributable to the Estate. BHE insists peculiar circumstances existed because the Estate was aware of the California litigation, that the California court provided little notice of its rule changes and even continued with the old procedures after the rule changes took effect.

[¶ 13] In response, the Estate addresses both of BHE's claims, and asserts that the first claim was timely filed and timely rejected. As to the second claim, the Estate argues the probate court was correct that the second claim had no effect on the statutory time for filing suit, inasmuch as the same claim had been earlier and timely rejected. The Estate argues that the peculiar circumstances provision of § 2–7–703(c) does not apply to § 2–7–718. The Estate points out that § 2–7–703 pertains to the original filing of a creditor claim whereas § 2–7–718 is a statute of limitations for bringing a suit.

[¶ 14] We agree with the Estate. In doing so, we begin by looking to the Wyoming statutes. The requirements of the probate code are of paramount importance here. Wyo. Stat. Ann. § 2–7–718 (LexisNexis 2011) states:

> When a claim is rejected and notice given as required, the holder shall bring suit in the proper court against the personal representative within thirty days after the date of mailing the notice, otherwise the claim is forever barred.

Once notice of probate has been provided, Wyo. Stat. Ann. § 2–7–703 (LexisNexis 2011)

sets forth filing requirements for creditors wishing to make a claim against a probate estate:

(a) Except as otherwise provided in this section, all claims whether due, not due or contingent, shall be filed in duplicate with the clerk within the time limited in the notice to creditors and any claim not so filed is barred forever. Any claimant to whom the personal representative has mailed a notice pursuant to W.S. 2–7–205(a)(ii) shall file his claim within three (3) months after the date of first publication of the notice in the newspaper, or before the expiration of thirty (30) days after the mailing, whichever date is later, and any claim not so filed is barred forever. If only one (1) copy of a claim is filed, the clerk shall make a duplicate and shall charge the claimant a reasonable fee not to exceed two dollars ($2.00) per page.

(b) The clerk shall forthwith transmit to the personal representative one (1) copy of each claim when and as filed.

(c) This section shall not bar:

(i) Claimants entitled to equitable relief due to peculiar circumstances, if so found by the court in adversary proceedings; or

(ii) A claimant to whom no notice was mailed pursuant to W.S. § 2–7–205(a)(ii), if the court in adversary proceedings finds that the identity of the claimant was reasonably ascertainable by the personal representative within the time limited in the notice to creditors published pursuant to W.S. § 2–7–201.

Wyo. Stat. Ann. § 2–7–717 (LexisNexis 2011), which is titled, "Action precluded until claim rejected; exception," states:

No holder of any claim against an estate shall maintain any action thereon unless the claim is first rejected in whole or in part by the personal representative and the rejection filed with the clerk, except an action may be brought by any holder of a mortgage or lien, including liens under W.S. 42–4–207, to enforce the same against the property of the estate subject thereto where all recourse against the other property of the estate is expressly waived in the complaint or no claim for deficiency is made in proceedings for foreclosure by advertisement and sale under W.S. 34–4–101 through 34–4–113.

We have discussed the above statutes before. In *Harris v. Taylor*, 969 P.2d 142, 145 (Wyo. 1998), we stated:

The legislature requires the personal representative to publish notice of admission of an estate to probate, Wyo. Stat. § 2–7–201(1997), and to mail that notice to heirs, beneficiaries, and creditors, Wyo. Stat. § 2–7–205(a) (1997). Actual notice to a known or reasonably ascertainable creditor is constitutionally required. *Hanesworth v. Johnke*, 783 P.2d 173, 176 (Wyo. 1989). In this case, the personal representative knew that Harris intended to file a personal injury suit against his wife's estate; therefore, Harris was a known creditor entitled to actual notice under Wyo. Stat. § 2–7–205(a)(1997). When the personal representative has given proper notice, Wyo. Stat. § 2–7–706 (1997) requires a creditor to then file a claim against the estate within the time limits set out in Wyo. Stat. § 2–7–703(a)(1997). Only when these conditions are met and the claim rejected by the personal representative may suit be filed. *See Matter of Estate of Campbell*, 950 P.2d 557, 560 (Wyo.1997); *Scott* [*v. Scott*], 918 P.2d [198] at 201 [ (Wyo. 1996) ].

Once notice of the claim is filed with the personal representative and rejected, under the statute of limitations set out in Wyo. Stat. § 2–7–718 (1997), the creditor has thirty days to file an action in district court. *Estate of Campbell*, 950 P.2d [557] at 560 [ (Wyo.1997) ]. A creditor's failure to comply with this statute of limitations is an affirmative defense to an action filed after the deadline. *Id.* We have held that unless there has been strict compliance with the notice requirements of Wyoming's Probate Code, its statutes of limitation are not triggered. *Matter of Estate of Reed*, 768 P.2d 566, 572 (Wyo.1989). We will extend this rule to say that unless the personal representative has strictly complied with the notice requirements of the code, conditions precedent are not triggered.

Also, in *Taylor v. Estate of Taylor*, 719 P.2d 234, 239–40 (Wyo.1986), we acknowledge the availability of equitable estoppel in probate:

> Wyoming recognizes that equitable estoppel can foreclose the raising of statutes of limitations defenses. *Bauer v. State, ex rel. Wyoming Worker's Compensation Division*, Wyo., 695 P.2d 1048 (1985); *Olson v. A.H. Robins Company, Inc.*, Wyo., 696 P.2d 1294 (1985); *Turner v. Turner*, Wyo., 582 P.2d 600 (1978). The alleged forgery of the will and its probate cannot estop the appellees from asserting the bar of the statutes of limitations because "[i]n order to subject a decree of final distribution or settlement to collateral attack the fraud alleged must be of a type which prevented the dissatisfied party from having had his or her day in court." *Pike v. Markman*, supra, 633 P.2d [944] at 948, n. 1 [ (Wyo. 1981) ].

In *Pike v. Markman*, supra, no claim was made that the defendant had fraudulently prevented the plaintiff from raising the objections before the final settlement decree was entered. In this case there is no claim that Gilbert B. Taylor did anything which prevented the appellant from discovering the forgery and raising the question in the probate proceedings. The appellant was not denied his day in court in connection with the probate proceedings by virtue of any extrinsic conduct of Gilbert B. Taylor or any other of the appellees. We hold that in asserting estoppel, as in asserting the exception for fraud to permit collateral attack of the decree of final distribution or settlement, " '[T]he fraud relied upon must be extrinsic or collateral to the issues tried in the original proceeding, that is to say, the fraud on the part of the prevailing party must have been such as deprived the unsuccessful party of a fair hearing upon the original controversy.' " *Ryan v. Plath*, 18 Wash.2d 839, 140 P.2d 968 (1943), quoting from *Farley v. Davis*, 10 Wash.2d 62, 116 P.2d 263 (1941), which in turn was quoted with approval in *Pike v. Markman*, supra, 633 P.2d at 947, 948, n. 1. The appellant must demonstrate some conduct by the appellees other than the fraud asserted with respect to the will which was probated in order to raise an estoppel of the claim of the bar of the statutes of limitations.

The only extrinsic conduct alleged here is Gilbert B. Taylor's premise to provide for the appellant through his will. In *Turner v. Turner*, supra, 582 P.2d at 602, the elements required to establish the estoppel are set forth. The delay in filing the action must be induced by the defendant; the defendant must have misled the plaintiff; and the plaintiff must have acted on the misinformation in good faith to the extent that he failed to pursue his action in a timely manner. The question of whether the plaintiff has been lulled ordinarily is one of fact, but in certain cases it is one for the courts. *Olson v. A.H. Robins Company, Inc.*, supra; *Turner v. Turner*, supra. In *Turner v. Turner* the court pointed out that the defendant made no representations that he would settle the court claim without action; the plaintiff did not rely on any offers of the defendant; there was no inducement to not bring the suit within the period of limitations; and there was no promise that the statutes of limitations would not be asserted.

[¶ 15] In this case, the first BHE claim was timely filed under § 2–7–703(a) and was then properly rejected by the Estate pursuant to § 2–7–718. BHE's sole and exclusive remedy was to comply with § 2–7–718 and bring suit in a proper court against the Estate within thirty (30) days after the date of mailing of the "Notice of Rejection of Claim," otherwise the claim would be forever barred. As noted by the district court, BHE failed to include the Estate in the California litigation before the October 21, 2010, statute of limitations ran under § 2–7–718. The procedural errors in amending the claim in the California court by not complying with the 2010 rules led to the potential bar of the suit in California. In *Zmijewski v. Wright*, 809 P.2d 280 (Wyo.1991), this Court examined cases in other jurisdictions where the court allowed a claim to proceed based upon an estoppel concept. We noted that in those cases the estoppel argument was permitted to prevent a personal representative from profiting because of his own delays or failures. *Zmijewski*, 809 P.2d at 284 (citing

*Gladman v. Carns,* 9 Ohio App.2d 135, 223 N.E.2d 378 (1964); *McKenney v. McNearney,* 92 Idaho 1, 435 P.2d 358 (1968)). Here, no missteps or delays are apparent on the part of the Estate and personal representative that would have interfered with BHE's ability to timely comply with the requirements of the Wyoming Probate Code in seeking a claim against the estate.

■ [¶ 16] As in *Taylor,* BHE, as claimant, failed to prove conduct on the part of Moffett or the Estate that would entitle BHE to equitable relief from application of the statute of limitations found in § 2–7–718. The "peculiar circumstances" provision does not apply in this instance. On a final note, because BHE limited the issues on appeal to reliance on § 2–7–703(c), we have tailored our discussion accordingly.

### CONCLUSION

[¶ 17] The district court did not commit error when it declined to provide BHE relief due to any peculiar circumstances under § 2–7–703(c). This Court agrees that no such peculiar circumstances exist here. Affirmed.