**Andrew J. JOHNSON, Appellant (Plaintiff),**

v.

**Jalene A. GRIFFIN, Crime Laboratory Expert Forensics Department, State of Wyoming; Jon R. Forwood, District Attorney, First Judicial District, State of Wyoming, Appellees (Defendants).**

No. 96–3.

Supreme Court of Wyoming.

Aug. 21, 1996.

Rehearing Denied Sept. 3, 1996.

---

Andrew J. Johnson, pro se.

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Robert L. Lanter, Assistant Attorney General, for appellees.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR* and LEHMAN, JJ.

GOLDEN, Justice.

Andrew J. Johnson appeals from the district court's order granting Jalene A. Griffin and Jon R. Forwood's motion for judgment on the pleadings and dismissing his civil rights complaint. We affirm.

## ISSUES

Appellant Andrew J. Johnson (Johnson) states the issue presented for review as follows:

> Did the Administrative law judge err in granting appellees' motion for judgment on the pleadings and dismissing complaint.

Appellees Jalene A. Griffin and Jon R. Forwood (Appellees) state the issues as follows:

> I. Did the undisputed facts stated in the pleadings establish that each of the Appellees was absolutely immune from suit in this matter, therefore entitling them to judgment on the pleadings?
>
> II. Did the undisputed facts stated in the pleadings establish that the Appellant's complaint was barred by the applicable statutes of limitations, therefore entitling Appellees to judgment on the pleadings?

* Chief Justice effective July 1, 1996.

## FACTS

Johnson was arrested and charged with aggravated burglary and first degree sexual assault on June 10, 1989. Judge Nicholas G. Kalokathis presided over a jury trial held on September 25, 26 and 27, 1989. Griffin testified for the state as an expert witness and Forwood prosecuted the case as the deputy district attorney. Johnson was convicted by a jury and appealed his conviction to this Court. *Johnson v. State*, 806 P.2d 1282, 1285 (Wyo.1991). We affirmed Johnson's conviction. *Id.*

In his 42 U.S.C. § 1983 (" § 1983") civil rights complaint, Johnson alleges a violation of his constitutional rights and seeks damages from Appellees, individually and in their "personal" capacities. Specifically, Johnson alleges that Appellees conspired against him in his criminal trial, acting under "color of state law" to deprive him of due process, and requests money damages against each Appellee in the amount of $5,750,000.00.

Johnson filed a preemptory disqualification of Judge Kalokathis on November 22, 1994. Appellees filed an answer on December 29, 1994, asserting the affirmative defenses of absolute immunity and the running of the statute of limitations. On February 28, 1995, Appellees filed a motion for judgment on the pleadings. On March 20, 1995, Judge Kalokathis entered an order vacating a hearing on that motion and asked the parties to submit briefs. On April 25, 1995, Judge Kalokathis granted the motion for judgment on the pleadings. On September 28, 1995, Judge Kalokathis assigned the case to Judge Edward L. Grant, after Johnson's preemptory disqualification motion was brought to his attention. Judge Grant issued an order granting the motion for judgment on the pleadings and dismissing Johnson's complaint on November 15, 1995. This appeal followed.

## DISCUSSION

A defendant is entitled to judgment on the pleadings if the undisputed facts ap-

pearing in the pleadings, supplemented by any facts of which the trial court may take judicial notice, establish that no relief can be granted. *Bon v. Lemp,* 444 P.2d 333, 335 (Wyo.1968); Wyo.R.Civ.P. 12(c).[1] A judgment on the pleadings is appropriate if all material allegations of fact are admitted in the pleadings and only questions of law remain. 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 at 510 (2d ed. 1990). Like its federal counterpart, Wyoming Rule of Civil Procedure 12(c) may be used when the statute of limitations provides an effective bar against the plaintiff's claim and the entire controversy may be disposed of by reference to the pleadings. *Id.* at 511.

First, we note that Johnson's *pro se* brief does not cite to the record in violation of Wyo.R.App.P. 7.01(e)(2). In his brief, Johnson appears to argue that the district court entered a pretrial order which superseded the pleadings on March 20, 1995. He then claims that the court's November 15, 1995, order granting the motion for judgment on the pleadings and dismissing the complaint violates the pretrial order and was therefore "arbitrary, capricious, an abuse of discretion and or not in accordance with the Wyoming Rules of Civil Procedure...." Although we perhaps grant some leeway to our *pro se* litigants, Johnson's failure to understand the procedures used in the trial court, and the rule upon which his appeal relies, have led to an unintelligible argument.

Johnson relies on and quotes Wyo.R.Civ.P. 16(e), concerning pretrial orders, in his brief. Johnson apparently believes that an order asking the parties to brief a motion is a pretrial order. However, the rule applies to orders entered after a pretrial conference, reciting the action taken in the pretrial conference. No pretrial conference took place in this case. Wyo.R.Civ.P. 16 is not applicable and Johnson's appeal is without merit and lacks cogent argument and pertinent authority.

■ On the merits, Johnson's claim was properly dismissed based on the pleadings. Johnson was sentenced in October of 1989; at the very latest, that was the date of his alleged injury. Johnson alleges an injury to his rights, not arising on contract, or possibly malicious prosecution. At the very latest, the applicable statute of limitations barred his claim as of October 1993, four years after his alleged injury. Wyo.Stat. § 1–3–105(a)(iv)(C) and (v)(D) (1988); and *see Board of Regents v. Tomanio,* 446 U.S. 478, 483–84, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440 (1980) (courts should adopt the most analogous state limitation period for § 1983 claims). Appellees argue the two-year limitations period found in the Wyoming Governmental Claims Act, Wyo.Stat. §§ 1–39–101 through –120 (1988), applies to bar Johnson's claim since it is the most analogous state limitation period. However, we need not reach this issue since Johnson's claim is barred by the longer four year period found in Wyo.Stat. § 1–3–105 (1988). We decline to decide this issue until we have it squarely before us, supported by adequate briefs from both parties, with cogent legal analysis and pertinent authority.

■ Finally, Appellees are absolutely immune from suit for the performance of their duties during a trial. *See Cooney v. Park County,* 792 P.2d 1287, 1295 (Wyo.1990), *cert. granted and judgment vacated on other grounds,* 501 U.S. 1201, 111 S.Ct. 2820, 115 L.Ed.2d 965 (1991) (absolute immunity extends to a prosecutor when activities are advocatory and intimately associated with the judicial phase of the criminal process); *Briscoe v. LaHue,* 460 U.S. 325, 335–36, 103 S.Ct. 1108, 1116, 75 L.Ed.2d 96 (1983) (witnesses are absolutely immune from § 1983 suits with regard to their trial testimony).

---

**1.** Wyoming Rule of Civil Procedure 12(c) provides:

(c) *Motion for judgment on the pleadings.*— After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

## CONCLUSION

Johnson's claim was barred by the applicable statute of limitations. Prosecutors and witnesses are absolutely immune from suit for performance of their functions which are intimately associated with the judicial phase of the criminal process. The order granting judgment on the pleadings was properly granted and is affirmed.