2002 WY 111

**Joseph A. RODRIGUEZ, Personal Representative of the Estate of Loren Linton, Deceased, Appellant (Plaintiff),**

v.

**June C. CASEY, Personal Representative of the Estate of Robert C. Wilkoske, Deceased, Appellee (Defendant).**

**No. 01–195.**

Supreme Court of Wyoming.

July 18, 2002.

David G. Lewis, Jackson, Wyoming; and David Broiles, Fort Worth, TX, Representing Appellant.

J. Kent Rutledge and Becket B. Hinckley of Lathrop & Rutledge, P.C., Cheyenne, WY, Representing Appellee.

Before HILL, C.J., and GOLDEN, LEHMAN,* KITE, and VOIGT, JJ.

VOIGT, Justice.

[¶ 1] This is an appeal from a judgment on the pleadings granted to the Wilkoske Estate in a wrongful death action. The district court held that the complaint was premature and ineffective because it was filed before the related claim was rejected by the personal representative of the Wilkoske Estate, and that, when the two-year condition precedent of the wrongful death statute expired prior to such rejection, so, too, did the cause of action.

[¶ 2] We reverse.

### ISSUE

[¶ 3] The Linton Estate phrases the issue as follows:

Can a wrongful death claimant against a tortfeasor-decedent's estate file suit on the day the condition precedent terminates, even though the personal representative has yet not rejected his claim.

The Wilkoske Estate rephrases the issue as follows:

* Chief Justice at time of oral argument.

Where a wrongful death suit against an estate is filed before the required creditor's claim is rejected, is the suit timely under the wrongful death statu[t]e if the creditor's claim is not rejected until after the two-year wrongful death condition precedent has expired?

For simplicity's sake, we state the issue as follows:

What does the word "maintain" mean in Wyo. Stat. Ann. § 2–7–717 (LexisNexis 2001)?

## STANDARD OF REVIEW

 [¶ 4] W.R.C.P. 12(c) provides, in part, for motions for judgment on the pleadings:

*Motion for judgment on the pleadings.*— After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.

We have a well-established standard for application of this rule:

A defendant is entitled to judgment on the pleadings if the undisputed facts appearing in the pleadings, supplemented by any facts of which the district court may take judicial notice, establish that no relief can be granted.... A judgment on the pleadings is appropriate if all material allegations of fact are admitted in the pleadings and only questions of law remain.

*Greeves v. Rosenbaum*, 965 P.2d 669, 671 (Wyo.1998) (*citing Johnson v. Griffin*, 922 P.2d 860, 861–62 (Wyo.), *cert. denied*, 519 U.S. 971, 117 S.Ct. 402, 136 L.Ed.2d 316 (1996)). Our review is akin to consideration of a motion to dismiss under W.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted. *Greeves*, 965 P.2d at 672. We consider the allegations of the complaint to be true, and view them in the light most favorable to the plaintiff. *Id.* We have previously held that W.R.C.P. 12(c) is available when an entire controversy may be disposed of because a statute of limitations provides an effective bar to recovery, and we see no reason why the same remedy should not be available when the issue is the condition precedent of the wrongful death statute. *Johnson*, 922 P.2d at 862.

## FACTS

[¶ 5] On October 25, 1998, Loren Linton was driving a truck belonging to Sunrise Express on Interstate 80 near Laramie. Linton was killed when his truck collided with a tow truck being driven by Robert Wilkoske. Wilkoske died several months later of causes unrelated to the accident.

[¶ 6] On October 20, 2000, acting as an estate creditor, Sunrise Express filed a petition to open the Wilkoske Estate. On October 23, 2000, the Linton Estate was also established. On the same date, the Linton Estate filed a creditor's claim in the Wilkoske Estate, based on the alleged wrongful death of Linton. The following day, the Linton Estate filed a wrongful death complaint against the Wilkoske Estate. The Linton Estate's probate claim was not rejected by the personal representative of the Wilkoske Estate until January 26, 2001. The same attorney created both estates, got both personal representatives appointed, and filed the creditor's claim, the claim rejection, and the wrongful death complaint.

## STATUTES

[¶ 7] The present appeal arises within the above-mentioned wrongful death action. At issue is the interplay between two separate statutory time limitations—one in the wrongful death statutes and one in the probate code. The substantive cause of action for wrongful death is created by Wyo. Stat. Ann. § 1–38–101 (LexisNexis 2001):

Whenever the death of a person is caused by wrongful act, neglect or default such as would have entitled the party injured to maintain an action to recover damages if death had not ensued, the person who would have been liable if death had not ensued is liable in an action for damages, even though the death was caused under circumstances as amount in law to murder in the first or second degree or manslaughter. If the person liable dies, the action may be brought against the executor or administrator of his estate. If he left no estate within the state of Wyo-

ming, the court may appoint an administrator upon application.

Wyo. Stat. Ann. § 1–38–102(d) (LexisNexis 2001) contains the time limitation that is pertinent to the present controversy:

> Every such action shall be commenced within two (2) years after the death of the deceased person.

[¶ 8] The import of this time constraint in the matter at hand lies in its application by the district court because of the way the district court construed certain time limitations in the probate code. Wyo. Stat. Ann. § 2–7–703(a) (LexisNexis 2001) requires claims against an estate to be filed with the court clerk within three months after the date of first publication of a notice to creditors. Wyo. Stat. Ann. § 2–7–712(a) (LexisNexis 2001) then provides that the personal representative is to allow or reject the claim within thirty days after expiration of the time for filing claims. The probate code time requirement bearing most directly on the instant case is found in Wyo. Stat. Ann. § 2–7–717 (LexisNexis 2001):

> No holder of any claim against an estate shall **maintain** any action thereon unless the claim is first rejected in whole or in part by the personal representative and the rejection filed with the clerk....

(Emphasis added.) Finally, Wyo. Stat. Ann. § 2–7–718 (LexisNexis 2001) provides as follows:

> When a claim is rejected and notice given as required, the holder shall **bring** suit in the proper court against the personal representative within thirty (30) days after the date of mailing the notice, otherwise the claim is forever barred.

(Emphasis added.)

## STATUTORY CONSTRUCTION

[¶ 9] The issue before this Court is purely a question of statutory construction. Our standards for that process have often been repeated:

> This court interprets statutes by giving effect to the legislature's intent.... We begin by making an inquiry relating to the ordinary and obvious meaning of the words employed according to their arrangement and connection.... We give effect to every word, clause, and sentence and construe together all components of a statute *in pari materia.* ... Statutory interpretation is a question of law.... We review questions of law de novo without affording deference to the district court's decision.

*Worcester v. State*, 2001 WY 82, ¶ 13, 30 P.3d 47, 52 (Wyo.2001). If a statute is clear and unambiguous, we simply give effect to its plain meaning. *Wesaw v. Quality Maintenance*, 2001 WY 17, ¶ 13, 19 P.3d 500, 506 (Wyo.2001) (*quoting In re Claim of Prasad*, 11 P.3d 344, 347 (Wyo.2000)). Only when we find a statute to be ambiguous do we resort to the general principles of statutory construction. *Wesaw*, 2001 WY 17, ¶ 13, 19 P.3d at 506 (*quoting In re Claim of Prasad*, 11 P.3d at 347). An ambiguous statute is one whose meaning is uncertain because it is susceptible to more than one interpretation. *Pierson v. State*, 956 P.2d 1119, 1125 (Wyo. 1998) (*quoting Amrein v. State*, 836 P.2d 862, 864–65 (Wyo.1992)).

> It is a basic rule of statutory construction that courts may try to determine legislative intent by considering the type of statute being interpreted and what the legislature intended by the language used, viewed in light of the objects and purposes to be accomplished.... Furthermore, when we are confronted with two possible but conflicting conclusions, we will choose the one most logically designed to cure the mischief or inequity that the legislature was attempting to accomplish.

*In re Collicott*, 2001 WY 35, ¶ 9, 20 P.3d 1077, 1080 (Wyo.2001). We presume that statutes are enacted by the legislature with full knowledge of existing law, so we construe statutes in harmony with existing law, particularly other statutes relating to the same subject or having the same purpose. *In re Estate of Fosler*, 13 P.3d 686, 688–89 (Wyo. 2000) (*quoting Matter of Voss' Adoption*, 550 P.2d 481, 486 (Wyo.1976)).

[¶ 10] Statutes must be construed so that no portion is rendered meaningless. *Mazurek v. State*, 10 P.3d 531, 541 (Wyo.2000). Interpretation should not produce an absurd result. *Id.* We are guided by the full text of the statute, paying attention

to its internal structure and the functional relation between the parts and the whole. *In re Worker's Compensation Claim of Johnson*, 2001 WY 48, ¶ 8, 23 P.3d 32, 35 (Wyo.2001) (*quoting In re Hernandez*, 8 P.3d 318, 321 (Wyo.2000) and *Parker Land and Cattle Co. v. Wyoming Game and Fish Com'n*, 845 P.2d 1040, 1045 (Wyo.1993)). Each word of a statute is to be afforded meaning, with none rendered superfluous. *Jessen v. Burry*, 13 P.3d 1118, 1120 (Wyo. 2000). Further, the meaning afforded to a word should be that word's standard popular meaning unless another meaning is clearly intended. *Soles v. State*, 809 P.2d 772, 773 (Wyo.1991). If the meaning of a word is unclear, it should be afforded the meaning that best accomplishes the statute's purpose. *Radalj v. Union Savings & Loan Ass'n*, 59 Wyo. 140, 138 P.2d 984, 996 (1943). We presume that the legislature acts intentionally when it uses particular language in one statute, but not in another. *In re Savage*, 218 B.R. 126, 132 (10th Cir.BAP1998) (*quoting BFP v. Resolution Trust Corp.*, 511 U.S. 531, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994) and *City of Chicago v. Environmental Defense Fund*, 511 U.S. 328, 338, 114 S.Ct. 1588, 1593, 128 L.Ed.2d 302 (1994)); *see also Matter of Voss' Adoption*, 550 P.2d at 485. If two sections of legislation appear to conflict, they should be given a reading that gives them both effect. *Flores v. Flores*, 979 P.2d 944, 947 (Wyo.1999).

## DISCUSSION

[¶ 11] It may be instructive here clearly to state the problem presented in this case. The wrongful death statute contains a two-year limitation for the commencement of an action. We have previously described this requirement as a condition precedent rather than a statute of limitations, and we have held that it may not be tolled or extended. *Corkill v. Knowles*, 955 P.2d 438, 442 (Wyo. 1998). Standing alone, this condition precedent serves as no roadblock to the Linton

Estate in the present case; the wrongful death action was filed before the two-year period expired. The argument presented by the Wilkoske Estate, however, is that the otherwise timely filed complaint was a nullity because it was filed before the probate claim was rejected. As a result of this argument, the focus of this controversy is on the probate code.

[¶ 12] A brief detour is in order. Wyo. Stat. Ann. § 1–4–101 (LexisNexis 2001) describes what is known as a "survival" action:

In addition to the causes of action which survive at common law, causes of action for mesne profits, injuries to the person, an injury to real or personal estate, or any deceit or fraud also survive. An action may be brought notwithstanding the death of the person entitled or liable to the same, but in actions for personal injury damages, if the person entitled thereto dies, recovery is limited to damages for wrongful death.

[¶ 13] We said in *DeHerrera v. Herrera*, 565 P.2d 479, 482 (Wyo.1977):

[T]he prime difference between survival and wrongful death statutes is that the survival statute merely continues a cause of action in existence. The injured party's claim after death is an asset of the estate while the wrongful death statute creates a new cause of action for the benefit of designated persons who have suffered the loss of a loved one and provider.

This distinction between survival actions and wrongful death actions is important in the context of the present case because Wyo. Stat. Ann. § 2–7–706 (LexisNexis 2001) clearly tolls the running of the applicable statute of limitations until after a claim based on a survival action has been rejected, but does not do the same for a wrongful death action.[1] Instead, wrongful death actions are subject to the time limitations set forth in Wyo. Stat. Ann. §§ 2–7–717 and 2–7–718.

---

1. Wyo. Stat. Ann. § 2–7–706 states, in part:
 Where a cause of action against the decedent survives his death under W.S. 1–4–101 and 1–4–102, before an action may be brought thereon in any court, a claim based thereon shall be filed and shall have been rejected by the per-

sonal representative. The running of the applicable statute of limitations on the cause of action shall be tolled from the time the claim is filed until five (5) days after the date of mailing of notice of rejection by the personal representative.

[¶ 14] In granting the Wilkoske Estate's motion for judgment on the pleadings, the district court emphasized Wyo. Stat. Ann. § 2–7–717, the pertinent language from which we will repeat:

No holder of any claim against an estate shall maintain any action thereon unless the claim is first rejected in whole or in part by the personal representative and the rejection filed with the clerk. . . .

Further, the district court relied on *Matter of Estate of Campbell,* 950 P.2d 557, 560 (Wyo.1997) for the proposition that "[w]ith respect to claims against an estate, there is no access to the courts, and thus no affirmative relief is sought, until the claim has been denied by the personal representative."

[¶ 15] While we understand the district court's reliance on the above-quoted statement from *Matter of Estate of Campbell,* we find that it is appropriate now to revisit *Matter of Estate of Campbell,* as well as a few other cases, in order to reach a holding specific to Wyo. Stat. Ann. § 2–7–717. That is because we have never previously addressed the import of the legislature's use in that statute of the particular word "maintain," as opposed to some other word.

[¶ 16] *Matter of Estate of Campbell* involved two certified questions: whether Medicaid reimbursement claims of the State Department of Health are subject to the time limitations for filing creditor's claims under Wyo. Stat. Ann. § 2–7–703(a), and whether such claims qualify as future claims under Wyo. Stat. Ann. § 2–7–705(a) (LexisNexis 2001). *Matter of Estate of Campbell,* 950 P.2d at 558–59. The language from *Matter of Estate of Campbell* quoted above and in the district court's decision letter, when read in context, is not a declaration or holding that no lawsuit can be filed until the claim

has been denied. Rather, it is an explanation of why the claim filing deadline in Wyo. Stat. Ann. § 2–7–703(a) is not a statute of limitations, while the deadline in Wyo. Stat. Ann. § 2–7–718 is a statute of limitations.[2]

[¶ 17] We are further convinced that *Matter of Estate of Campbell* does not answer the question now before this Court when we look to *Taylor v. Estate of Taylor,* 719 P.2d 234 (Wyo.1986), which is cited in *Matter of Estate of Campbell* as the source of the "no access to the courts" statement. *Matter of Estate of Campbell,* 950 P.2d at 560. While Wyo. Stat. Ann. § 2–7–717 is quoted in *Taylor,* it is not interpreted. *Taylor* does not go beyond noting that the statute prohibits "maintaining" an action until the underlying claim has been denied; it does not say what "maintain" or "maintaining" means. *Taylor,* 719 P.2d at 238.

[¶ 18] *Matter of Estate of Campbell* is cited in another case for the proposition that no suit may be filed until the underlying claim has been rejected by the personal representative. *See Harris v. Taylor,* 969 P.2d 142, 145 (Wyo.1998). In *Harris,* 969 P.2d at 143, the personal representative of the estate did not serve a known creditor with the notice required by Wyo. Stat. Ann. § 2–7–205(a) (LexisNexis 2001).[3] In reversing a summary judgment in favor of the estate, and in holding that the statute of limitations found in Wyo. Stat. Ann. § 2–7–718 is not triggered unless the personal representative has strictly complied with the probate code's notice requirements, we did, indeed, cite *Matter of Estate of Campbell* as noted above. Once again, however, not only is the meaning of Wyo. Stat. Ann. § 2–7–717 not directly addressed in *Harris,* the statute is not even mentioned. Instead, *Harris* focuses on the requirement in Wyo. Stat. Ann. § 2–7–718 that a suit must be filed, if at all, within

---

**2.** The explanation being that the filing of a claim does not directly seek affirmative relief from the court, as does the filing of a complaint.

**3.** Wyo. Stat. Ann. § 2–7–205(a) states, in part:
A true copy of the notice required in W.S. 2–7–201 shall be mailed by ordinary United States mail, first class, to:

\* \* \*

(ii) Each creditor of the decedent whose identity is reasonably ascertainable by the per-

sonal representative within the time limited in the notice to creditors.

thirty days after rejection of the claim. *Harris*, 969 P.2d at 145.

[¶ 19] At first glance, the somewhat similar case of *Scott v. Scott*, 918 P.2d 198 (Wyo. 1996), might seem to provide guidance in resolving the present issue. Indeed, *Scott* was cited in *Harris* along with *Matter of Estate of Campbell*. But *Scott*, like *Matter of Estate of Campbell*, is not based on Wyo. Stat. Ann. § 2–7–717 and adds nothing to the interpretation of that statute. *Scott* involved a survival action; its conclusion, based on Wyo. Stat. Ann. §§ 2–7–703 and 2–7–706, is that failure to file a claim against the estate bars the claimant from bringing an action against the estate. *Scott*, 918 P.2d at 201. That, of course, is not the issue with which we are currently concerned.

[¶ 20] None of these cases speak directly to the question of what the legislature intended by use of the word "maintain" in Wyo. Stat. Ann. § 2–7–717. Keeping in mind the rules of statutory construction detailed above, our job is to give effect to the most likely, most reasonable, interpretation of the statute, given its design and purpose. First, we must decide whether the statute is ambiguous. Standing alone, perhaps it is not. But use of the word "maintain" in Wyo. Stat. Ann. § 2–7–717, followed so closely by use of the word "bring" in Wyo. Stat. Ann. § 2–7–718, does create ambiguity. The question is whether "maintain" means "bring suit" or means "continue a suit already brought."

[¶ 21] The two words do not have the same dictionary meaning. In relevant context, "bring" means "to cause to exist or occur," while "maintain" means "to keep in an existing state . . . to continue or persevere in . . . ." *Merriam–Webster's Collegiate Dictionary* 143, 702 (10th ed.1999). *Black's Law Dictionary* 192, 953 (6th ed.1990) contains the following definitions:

> To "bring" an action or suit has a settled customary meaning at law, and refers to the initiation of legal proceedings in a suit. . . . A suit is "brought" at the time it is commenced. . . . "Brought" and "commenced" in statutes of limitations are commonly deemed to be synonymous. Under

the Federal Rules of Civil Procedure, and also most state courts, a civil action is commenced by filing a complaint with the court.

> To "maintain" an action is to uphold, continue on foot, and keep from collapse a suit already begun, or to prosecute a suit with effect. . . . To maintain an action or suit may mean to commence or institute it; the term imports the existence of a cause of action. Maintain, however, is usually applied to actions already brought, but not yet reduced to judgment. . . . In this connection, it means to continue or preserve [sic] in or with; to carry on.

[¶ 22] From these sources, we can conclude that both the common and the legal definition of maintain is "to continue with something already in existence." In the present context, that suggests that, under Wyo. Stat. Ann. § 2–7–717, a wrongful death action may be filed, but it may not be pursued to judgment until the claim has been filed and rejected by the personal representative. What supports that interpretation of the statute? To begin with, we must remember that the legislature chose the specific word "maintain" and we must presume it did so purposely. The legislature could have used the word "bring" or the word "brought" or the word "commence," as it did in Wyo. Stat. Ann. §§ 2–7–706 and 2–7–718 and in over a dozen statutes of limitation.[4] Beyond that, it is reasonable to conclude that the legislature recognized the very difficulty, as exemplified by the present case, that results from the fact that the time limitation in the wrongful death statute is a condition precedent, rather than a statute of limitations, and cannot be tolled.

[¶ 23] A comparison of examples may be instructive. If A suffers personal injuries at the hands of B, A has four years to bring an action against B. Wyo. Stat. Ann. § 1–3–105(a)(iv)(C) (LexisNexis 2001). If B dies, A's cause of action survives. Wyo. Stat. Ann. §§ 1–4–101 and 1–4–102 (LexisNexis 2001). The action is filed as a claim against B's estate and the personal representative is sub-

---

4. *See* Wyo. Stat. Ann. §§ 1–3–102, 1–3–103, 1–3–104, 1–3–105, 1–3–107, 1–3–108, 1–3–109, 1–3– 111, 1–3–113, 1–3–114, 1–3–115, 1–3–116, and 1–3–118 (LexisNexis 2001).

stituted for B as the defendant. Wyo. Stat. Ann. § 2–7–709 (LexisNexis 2001). Where the suit is not filed before B's death, A must first file a claim against the estate and wait for that claim to be rejected, but during the interim, the statute of limitations is tolled until five days after notice of rejection is mailed. Wyo. Stat. Ann. §§ 2–7–703 and 2–7–706. Consequently, A's cause of action is not at risk if the personal representative does not reject the claim before the four-year period expires.

[¶ 24] The situation is different, however, if A dies from the personal injuries inflicted by B. A's estate has two years to bring a wrongful death action against B. Wyo. Stat. Ann. § 1–38–102(d). If A's estate sues B for wrongful death, and B later dies, the cause of action survives. Wyo. Stat. Ann. § 1–38–101. Just as with a personal injury action, the personal representative is substituted for B in the wrongful death action. Wyo. Stat. Ann. § 2–7–709. Although Wyo. Stat. Ann. § 2–7–706 does not apply to toll the two-year condition precedent, the suit has already been "brought." Under Wyo. Stat. Ann. § 2–7–717, it just cannot be "maintained" until a claim is filed in the estate and is rejected by the personal representative. And when this scenario is varied slightly so that it resembles the case now before this Court, there is no reason to think that the legislature would have intended to distinguish between a wrongful death claimant who files his lawsuit before the alleged tortfeasor dies from one who files his lawsuit after the alleged tortfeasor dies. In either case, the suit may not be maintained—continued toward judgment—until the probate claim is filed and rejected.

[¶ 25] While the legislature's use of "maintain" in Wyo. Stat. Ann. § 2–7–717 and use of "bring" in the very next section may have created an ambiguity, we do not conclude that the two sections are necessarily contradictory. Even if we did so conclude, it would be our duty to read them so as to give them both effect. *Flores*, 979 P.2d at 947. What Wyo. Stat. Ann. § 2–7–718 adds to the statutory scheme is finality for purposes of estate administration. Wyo. Stat. Ann. § 2–7–718 is not limited to any particular claim or

cause of action. What it says is that, for any rejected claim, the holder must bring suit, if at all, within thirty days after the rejection notice is mailed. Wyo. Stat. Ann. § 2–7–718 is a "super" statute of limitations-it gives the personal representative what is, in effect, a trump card. Regardless of the status of any external statute of limitations or condition precedent, suit on a claim is barred if it has not been brought within that thirty days.

## CONCLUSION

[¶ 26] We pointed out above that this statutory scheme is ambiguous. Our goal here has been " 'to adopt that sense of the words which best harmonizes with the context and promotes in the fullest manner the policy and objects of the legislature.' " *Zmijewski v. Wright*, 809 P.2d 280, 283 (Wyo. 1991) (*quoting United States v. Hartwell*, 6 Wall. 385, 73 U.S. 385, 396, 18 L.Ed. 830 (1867)). In that regard, we have previously held that

> [t]he object of limitation statutes in estate matters is to expedite and facilitate the settlement of estates by providing a procedure whereby the executor or administrator of an estate can wind up the affairs of a decedent in an orderly manner and make distribution of assets as speedily as practicable. . . . The purpose, however, is to bar belated creditors and not to furnish a vehicle by which executors or administrators may refuse to apply the assets of an estate to the payment of debts.

*Park County ex rel. Park County Welfare Dept. v. Blackburn*, 394 P.2d 793, 795 (Wyo. 1964). *See also Zmijewski*, 809 P.2d at 283. This balance between the rights of claimants and the need for finality in estate administration is reflected further in Wyo. Stat. Ann. § 2–7–716 (LexisNexis 2001), which states, in part:

> Pending final adjudication of all claims and litigation as to which claims have been timely filed, the personal representative shall proceed with the administration of the estate to the extent possible without prejudicing the possible rights of creditors, but the estate shall not be closed and no payment of claims or distributions to distributees shall be made which would im-

pair the ability of the estate to honor the claims as finally adjudicated, in accordance with their priority.

[¶ 27] Inasmuch as the condition precedent of the wrongful death statute is not a statute of limitations and may not be tolled, it makes sense that the legislature would use the word "maintain" rather than the word "bring" in Wyo. Stat. Ann. § 2–7–717 to allow for the situation where the two-year period will expire before the period for rejection of claims expires. For this Court to rule that "maintain" means "bring" would upset the balance between claimant and estate that is clearly a primary legislative purpose in Article 7 of the Probate Code.

[¶ 28] We hold that Wyo. Stat. Ann. § 2–7–717 allows the holder of a wrongful death claim, under the circumstances of this case, to bring his or her civil action and serve the personal representative before the claim has been filed and rejected in the probate estate.

[¶ 29] We reverse the district court and remand for further proceedings.